UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL ELDON KENNEMORE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 4:24-cv-00467-SEP |
| | ) |
| STATE OF MISSOURI, DONNA ANDERSON, STACEY NEFF, HENRY EDWARD AUTREY, ALL STATE AND FEDERAL FREEMASONS, JEWS AND PHYSICIANS, and ALL 3 WITCHES THAT RULE THE STATE AND FEDERAL LEGAL SYSTEM, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court is the application of self-represented Plaintiff Daniel Eldon Kennemore to proceed in the district court without prepaying fees and costs. The Court will grant the application and will dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**LEGAL STANDARD ON INITIAL REVIEW**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (cleaned up) (quoting *Iqbal*, 556 U.S. at 678); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court must

accept factual allegations in the complaint as true, but is not required to "accept as true any 'legal conclusion couched as a factual allegation'") (quoting *Iqbal*, 556 U.S. at 678).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.2004)). Still, even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## THE COMPLAINT

Plaintiff is civilly committed at the Missouri Department of Mental Health's Sex Offender Rehabilitation Treatment Services (SORTS) program in Farmington, Missouri. He brings his claims under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc, naming as Defendants the State of Missouri, Donna Anderson, Stacey Neff, Judge Henry Edward Autrey, All State and Federal Freemasons, Jews, and Physicians, and All Three Witches That Rule the State and Federal Legal System.[1] He sues all Defendants in both their official and individual capacities.

Plaintiff alleges as follows:

> I was framed with sex offenses by the Freemasons, Jews, and Physicians. All 3 of them found in the library OCCULT books as witches and they run both state and federal legal system. When I filed civil cases 4:23-cv-796-NCC and 4:23-cv-951-ACL both Donna Anderson and Stacey Neff defendants in both civil cases had me forc[ibly] medicated to obstruct my cases by trying to stop my free speech and to intimidate me and to silence my voice and doing so against my religious beliefs to not take drugs.

---

[1] Although filed on a form intended for use with a 42 U.S.C. § 1983 claim, Plaintiff has modified the form for his claims, which are brought under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc. *See* Doc. [1] at 1.

Doc. [1] at 3.  Plaintiff alleges that by forcibly medicating him, Defendants violated his rights under RLUIPA.  He has not identified his religion or any religious beliefs other than his objection to taking medication.

For his injuries, Plaintiff states, "I was forc[ibly] medicated to cover up the witchcraft used by the Government personnel and I weighed 199 lbs and had no medical problems before I was force medicated.  My weight went up to a high of 313 lbs and I became diabetic from their force medication."  *Id*. at 4.  He further alleges that "Government witches framed me over 31 years ago and conspired to cover up by civilly committing me and causing me to have diabetes, causing my family to be broken up, loss of railroad wages."  *Id*. at 5.  Plaintiff seeks $500,000,000.00 in actual and punitive damages.  *Id.*

## DISCUSSION

RLUIPA "protects institutionalized persons who are unable freely to attend to their religious needs and are therefore dependent on the government's permission and accommodation for exercise of their religion."  *Cutter v. Wilkinson*, 544 U.S. 709, 721 (2005).  Congress enacted RLUIPA "to provide very broad protection for religious liberty."  *Holt v. Hobbs*, 574 U.S. 352, 356 (2015) (citing *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 693 (2014)).  To underscore this, Congress mandated that RLUIPA "be construed in favor of broad protection of religious exercise, to the maximum extent permitted by the terms of this chapter and the Constitution."  *Id.* (citing § 2000cc-3(g)).  To state a claim under RLUIPA, a plaintiff must allege that a defendant's conduct has created a substantial burden on his ability to exercise his religion.  42 U.S.C. §2000cc-2(b); *Van Wyhe v. Reisch*, 581 F.3d 639, 655 (8th Cir. 2009).

Plaintiff alleges Defendants have violated RLUIPA by forcibly medicating him in violation of his religious beliefs.  Because there is no individual liability under RLUIPA, Plaintiff's RLUIPA claims against individual Defendants Donna Anderson, Stacey Neff, and Judge Henry Edward Autrey will be dismissed.  *Blake v. Cooper*, 2013 WL 523710, *1 (W.D. Mo. Feb. 12, 2013); *see also Roos v. Clark*, 2022 WL 4229981, at *11 and n.8 (E.D. Ark. Aug. 26, 2022).  As for his official capacity claims, while RLUIPA allows official capacity claims against prison officials, it does not authorize monetary damages based on such claims.  *See Van Wyhe*, 581 F.3d at 655.  And sovereign immunity bars Plaintiff's claims for monetary damages against the State of Missouri under RLUIPA.  *Sossamon v. Texas*, 563 U.S. 277, 285 (2011).  Finally, Plaintiff makes no claims that the remaining Defendants were involved in any forcible

medication.  Therefore, Plaintiff's Complaint fails to state any claim upon which relief may be granted and will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed In Forma Pauperis is **GRANTED**.  Doc. [2].

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend the Complaint is **GRANTED**.  Doc. [5].

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FINALLY ORDERED** that Plaintiff's Motion to Appoint Counsel is **DENIED** as moot.  Doc. [4].

An order of dismissal will be entered this same date.

Dated this 24th day of July, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE